UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

**ANDRES E. BRYAN**,

                              Plaintiff,                      **MEMORANDUM AND ORDER**

                                v.                                      21-CV-4148 (AMD) (RML)

**FLEETBANK, N.A.; DEPARTMENT OF FINANCE, Tampa, Florida**,

                              Defendants.

-----------------------------------------------------------------

**ANN M. DONNELLY**, United States District Judge:

         The *pro se* plaintiff commenced this action on June 8, 2021 in the United States District Court for the Southern District of New York, alleging that he is owed prize money from a 1998 American Family Publishers ("AFP") sweepstakes. (ECF No. 1). He paid the filing fee on June 29, 2021. The case was transferred to this Court on July 16, 2021. (ECF No. 3). For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

         In 1998, the plaintiff received a letter from AFP offering him a chance to participate in a sweepstakes. (ECF No. 1 at 12, 26.) The letter contained a "scratch-off" game; the plaintiff could win an $11,000,000 cash prize if he matched the number on his "prize claim certificate" to the hidden "personal prize claim number." (*Id.* at 12.) The letter stated that the $11,000,000 prize money was "currently on reserve at Fleet Bank N.A." and available to the plaintiff only if he won the scratch-off game and mailed his certificate to AFP within five days. (*Id.*). The plaintiff alleges that he "was notified that [he] was the winner" but "never received [his] money." (*Id.* at 5, 26.) The plaintiff traveled to Tampa, where he "spoke with Dick Clark," who told him,

1

"Yes, he's the one;" the plaintiff could not, however, collect the funds from Fleet Bank, N.A. (*Id.* at 26). He now "want[s] the court to order payment of [his] winnings." (*Id.* at 6).

The plaintiff asserted this same claim against the Florida Department of Financial Services in *Bryan v. Florida Department of Financial Services,* No. 20-CV-4791 (AMD) (RML). On November 16, 2020, I dismissed the complaint as frivolous because the claim was untimely, the allegations were clearly baseless, and because the plaintiff did not allege that the defendant participated in any wrongdoing. *Bryan v. Fla. Dep't of Fin. Servs.*, No. 20-CV-4791, 2020 WL 6728788, at *1 (E.D.N.Y. Nov. 16, 2020). On December 7, 2020, I dismissed as frivolous the plaintiff's amended complaint, in which he made the same claim against AFP. *Bryan v. Am. Fam. Publishers*, No. 20-CV-4791, 2020 WL 7229579, at *1 (E.D.N.Y. Dec. 7, 2020).

In the instant action, the plaintiff asserts the same claim against two new defendants: Fleet Bank, N.A. and the Department of Finance in Tampa, Florida.

**STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, I hold his complaint is to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). I read the plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Since this is the pleadings stage of the proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Nonetheless, even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 473 (2d Cir. 1998).

## DISCUSSION

As I explained in the plaintiff's prior action, the predicate for this lawsuit—that the plaintiff was declared the winner of the AFP sweepstakes—is flawed. "In general, the type of [sweepstakes] mailing [the plaintiff] received usually does not create a valid contract; it is instead an offer to participate in the sweepstakes." *Thomas v. Publishers Clearing House*, 2002 WL 193935, at *5 (6th Cir. 2002) (citing *Workmon v. Publishers Clearing House*, 118 F.3d 457, 459 (6th Cir. 1997) (the Publishers Clearing House sweepstakes merely offered the opportunity to enter a contest in which the plaintiff could have won the grand prize). Though the plaintiff claims that he won the sweepstakes, the submissions attached to his complaint show that he merely accepted AFP's offer to enter a contest. The plaintiff was not declared the winner, nor did he have a matching prize claim number. "No reasonable person in [the plaintiff's] position would assume that he had won the prize" based on the language of the letter, which made clear that the plaintiff needed to win the scratch-off game to receive any prize money. *Workmon*, 118 F. 3d at 459.

Even under the very liberal reading afforded to *pro se* pleadings, the allegations contained in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually

3

frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional."). Accordingly, the action is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 363-64.

## CONCLUSION

For the reasons set forth above, the action is dismissed as frivolous. Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment in favor of the defendants, mail a copy of this Order and the judgment to the plaintiff, note the mailing on the docket, and close the case.

**SO ORDERED.**

                                                                                     s/Ann M. Donnelly
                                                                                     ANN M. DONNELLY
                                                                                     United States District Judge

Dated: Brooklyn, New York
         August 4, 2021